**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GABRIEL SANCHEZ, a/k/a Gavi,

    Defendant - Appellant.

No. 24-1484
(D.C. No. 1:22-CR-00345-DDD-2)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **KELLY**, and **McHUGH**, Circuit Judges.
_____

Gabriel Sanchez pled guilty to possession with intent to distribute and

distribution of methamphetamine.  The district court sentenced him to 144 months in

prison.  He filed a notice of appeal, but his plea agreement contained an appeal

waiver.  The government has now moved to enforce the appeal waiver under

*United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc).

Mr. Sanchez's counsel filed a response to the motion and moved to withdraw, citing

*Anders v. California*, 386 U.S. 738, 744 (1967), and stating that "[t]here are no

nonfrivolous arguments against dismissal of this appeal by enforcement of the appeal

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

waiver signed by Mr. Sanchez." Resp. at 1. Consistent with *Anders*, 386 U.S. at 744, we gave Mr. Sanchez the opportunity to file a pro se response. His response was initially due on May 29, 2025, and we sua sponte extended the deadline to June 12, but to date he has not filed a response.

We will enforce an appeal waiver if (1) "the disputed appeal falls within the" waiver's scope; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver would not "result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. The government argues that all three of these conditions are met in this case.

As required by *Anders*, we fully examined all the proceedings. *See* 386 U.S. at 744. After doing so, we agree there is no non-frivolous basis to oppose the government's motion. We therefore grant the government's motion to enforce the appeal waiver and dismiss the appeal. We also grant counsel's motion to withdraw as Mr. Sanchez's attorney.

Entered for the Court

Per Curiam
